**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SPECIALIZED SEATING, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| V. | ) | No. 05 C 1197 |
| | ) | |
| **GREENWICH INDUSTRIES, L.P. d/b/a CLARIN** | ) | Judge Holderman |
| | ) | |
| **Defendant,** | ) | |

**PLAINTIFF'S RESPONSE TO CLARIN'S MOTION REGARDING
<u>RECORDATION OF THE MARK</u>**

Defendant's Motion For An Order That No Claim Of "Invalid Recordation" of a Trademark Is Stated In The Final Pretrial Order, Or, In The Alternative, An Order Pursuant to Fed.R.Civ.P.12(H)(2) Dismissing Such a Claim ("Motion to Dismiss") is note well taken.

**I. Defendant's Rule 16(e) (Pretrial Order) Argument Is Incorrect**

Defendant assets that Count III, which seeks a declaration that that Defendant's "recording of Trademark No. 2803875 with U.S. Customs and Border Protection was improper because the Trademark is invalid." (Compl. ¶17). Defendant asserts that this claim is not properly before the court on trial because it was not adequately included in the pretrial order. (Motion to Dismiss at 4-5). Defendant's argument is incorrect for multiple reasons.

Foremost, Defendant's motion is self-defeating, as it acknowledges that Plaintiff's proposed Findings of Facts and Conclusions of Law contains "four number paragraphs [¶¶81-84] in which Plaintiff proposes various factual findings to the Court relating to a

purported 'invalid recordation.'" (Motion to Dismiss at 5). These purposed findings, establish that Defendant improperly and wrongfully recorded its trademark with U.S. Customs. As such, they are more than sufficient to properly put the matter before the court for trial. Thus, these issues were expressly and properly contained in the pre-trial order, and thus are properly before the court for trial.[1]

Moreover, Defendant's brief further provides that authority that these proposed findings of facts are all that is required for Plaintiff to prevail on Count III. Specifically, Defendant acknowledges that if its trademark is invalid, *a fortiori* the recordation with customs must be cancelled. (Defendant's Motion at 6). As such, it cannot be maintained that the issues of whether: (i) Defendant's trademark was improperly obtained and (ii) Defendant wrongfully recorded its trademark with U.S. Customs was properly before the Court for trial. Having established these facts, Plaintiff is entitled to the declaration it seeks – i.e., that the trademark was wrongfully recorded.

## II.     Defendant's Rule 12(h)(2) Argument Is Incorrect

Defendant's alternative argument, that there is no cause of action "for 'improperly' recording a trademark with Customs" is a non-starter. (Motion to Dismiss at 5-7). Defendant has confused the remedy with the cause of action. Count III of

---

[1] We also note that even if the Court were not to regard these proposed findings a specifically and expressly setting forth Count III, it is well established that, like all provisions of the Rules of Civil Procedure, Rule 16 is to be "liberally construed" to do substantial justice and, to that end, pretrial orders are "liberally construed to cover any of the legal or factual theories that might be embraced by their language." *Rodrigues v. Ripley Indus., Inc.*, 507 F.2d 782, 787 (1st Cir. 1974); *Wright and Miller, Federal Practice and Procedure*, §1527 and n. 23 (2006). Likewise, even if the issues had not been contained in the pre-trial order at all, it is well recognized that where, as here, the evidence needed to support the claims is admitted without objection, it may properly be considered by the Court. *Arsement v. Spinnacker Exploration Co., LLC,* 400 F.3d 238, 245 (5th Cir. 2005); *DP Aviation v. Smiths Indus. Aerospace and Defense Sys. Ltd.,* 268 F.3d 829, 841 (9th Cir. 2001)

Plaintiff's complaint for declaratory relief – a well recognized cause of action, specifically authorized by Fed.R.Civ.P. 57 and 28 U.S.C. §§2201, 2202. Count III, is not, as Defendant pretends, a cause of action for "improperly recording a trademark." To the contrary, the *relief* requested is a *declaration* "that the recording of Trademark No. 2803875 with U.S. Customs and Border Protection was improper" and costs. (Compl. page 5, "wherefore" clause, attached as Exhibit 1 to Defendant's Motion to Dismiss).

Simply put, Count III seeks a declaration that Defendant's recording of its trademark was improper. The right to obtain a declaration of the legality of Defendant's conduct is too well established to dispute, and expressly provided for in 28 U.S.C. §2201. Finally, Defendant has admitted that the declaration sought by Plaintiff would be virtually compelled if the Court finds that the trademark is invalid. (Motion to Dismiss at 6).

**Wherefore,** Plaintiff Specialized Seating, Inc., respectfully requests that Court Deny Defendant's Motion to Dismiss.

    /S/ Anthony S. DiVincenzo

Anthony S. DiVincenzo, Esq.
DIVINCENZO SCHOENFIELD SWARTZMAN
33 N. LaSalle Street Suite 2900
Chicago, Illinois 60602

Attorneys for Plaintiff
SPECIALIZED SEATING, INC.,

## **CERTIFICATE OF SERVICE**

   I, the undersigned, an attorney, being duly sworn on oath depose and state that on January 19, 2007, I caused a copy of the foregoing Plaintiff's Response To Clarin's Motion Regarding Recordation of the Mark to be served on James P. White, Esq., Welsh & Katz, Ltd., 120 S. Riverside Plaza, 22nd Floor, Chicago, IL 60606 using the CM/ECF system which will sent notification of the above filing to all Filing Users.

                 /s/ Anthony S. DiVincenzo
                   Anthony S. DiVincenzo

DiVincenzo Schoenfield Swartzman
33 North LaSalle Street
29th Floor
Chicago, IL 60602
Telephone No. (312) 334-4800
Attorney No. 39591